# Exhibit A

 CT Corporation

**Service of Process Transmittal**
09/16/2020
CT Log Number 538254945

| | |
|---|---|
| **TO:** | Robert Obringer, General Counsel |
| | Phillips & Cohen Associates, Ltd. |
| | 1002 Justison St |
| | Wilmington, DE 19801-5148 |

**RE:** **Process Served in Delaware**

**FOR:** Phillips & Cohen Associates, Ltd.  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ELDRIDGE CHERRY, PLTF. vs. PHILLIPS & COHEN ASSOCIATES, LTD., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified |
| | Case # 2022AC08128 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/16/2020 at 14:51 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/16/2020, Expected Purge Date: 09/21/2020 |
| | Image SOP |
| | Email Notification,  Robert Obringer  robringer@phillips-cohen.com |
| | Email Notification,  Howard Enders  henders@phillips-cohen.com |
| | Email Notification,  Lisa Sapp  lsapp@phillips-cohen.com |
| | Email Notification,  Alona DeBerry  adeberry@phillips-cohen.com |
| | Email Notification,  Ethan Ostroff  Ethan.Ostroff@troutmansanders.com |
| | Email Notification,  PCA Intake  PCAIntake@troutmansanders.com |
| | Email Notification,  Luis Cardena  lcardena@phillips-cohen.com |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 N Orange St |
| | Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252 |
| | EastTeam2@wolterskluwer.com |

Page 1 of  1 / CM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Wed, Sep 16, 2020

**Server Name:**       Kevin Dunn

**Location:**          Wilmington, DE

| | |
|---|---|
| Entity Served | PHILLIPS & COHEN ASSOCIATES, LTD. |
| Agent Name | THE CORPORATION TRUST COMPANY |
| Case Number | 2022-AC08128 |
| Jurisdiction | DE |





## SPECIAL PROCESS SERVER

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>NICOLE JEAN COLBERT BOTCHWAY | Case Number: 2022-AC08128 | Special Process Server 1<br><br>D BRITT |
|---|---|---|
| Plaintiff/Petitioner:<br>ELDRIDGE CHERRY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address or<br>Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS<br>12444 POWERSCOURT DRIVE<br>SUITE 370 | Special Process Server 2<br><br>K DUNN |
| Defendant/Respondent:<br>PHILLIPS & COHEN ASSOCIATES, LTD | ST LOUIS, MO 63131<br>(314) 394-0605 | Special Process Server 3 |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>21-OCT-2020 09:30 AM<br>Division 28<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via<br>WebEx. WebEx connection information may also be found<br>at http://www.stlcitycircuitcourt.com/ | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to:  PHILLIPS & COHEN ASSOCIATES, LTD
Alias:

**1209 ORANGE ST.**
**WILMINGTON, DE 19801**

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court physically if the court is open to the public or virtually if not on the date, time and location above, to answer the allegation in the petition filed by the above-named plaintiff/petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.**Due to COVID19 challenges, virtual appearances by Webex.com are required until further order of this Court. **
If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____September 15, 2020_____
Date
Further Information:

---

### Officer's or Server's Affidavit of Service

Note to serving officer: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
   _____ (name) _____ (title).
   ☐ other: _____

Served at _____ (address) in _____ County,
_____ (state) on this _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Subscribed and sworn to before me this _____ (day) _____ (month) _____ (year).
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                    ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

OSCA (07-18) SM70 (ASOS) *For Court Use Only:* Document ID# 20-ASOS-390      1 of 2   (2022-AC08128)      Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510, 517.041 RSMo

28

## Information For Virtual Appearances via Webex Associate Circuit Civil Cases – Page 1

During the Coronavirus pandemic ( COVID-19) , **the 22st Judicial Circuit (St. Louis City)** has remained open and operational with limited access for in-person appearances pursuant to Missouri Supreme Court Orders and Operational Directives. Until further court order, all associate civil cases pending in **Divisions 28** will be conducted virtually via the **Webex** or other court approved video technology.

In order to participate through **Webex** or other court approved video technology, you **MUST** have a valid email address or access to a phone.

You may appear in one of three ways:

1. Attend by **Webex** or other court approved video technology (computer or smart phone);
2. Attend by **Webex** or other court approved audio technology (telephone);
3. **Only appear in person if you have been informed that Division 28 will conduct in person proceedings on the date your hearing is set.**
   To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours.
   You can access your case online on CaseNet at www.courts.mo.gov

**If you fail to appear at your scheduled Court hearing by one of the three methods above, a default judgment may be entered against you.**

**To appear at the Webex hearing please follow the steps below:**

**Parties are required to appear in court on the date ordered physically if the courthouse is open for your specific proceeding or virtually using the below URL link and/or Audio Connection with the Meeting Number/Access Code 961 544 759**

**URL:**
https://mocourts.webex.com/join/nicole.colbert-botchway

**Meeting Number:**
**961 544 759**

**Video Address:**
nicole.colbert-botchway@mocourts.webex.com

**Audio connection:**
**United States Toll +1-408-418-9388**

**Access code:**
**961 544 759**

## Additional Information For Self-Represented Litigants on Associate Circuit Civil Cases – Page 2

1. The **WebEx** app is free and available through all phone app stores, such as the Google Play store or iTunes. The call in number is a toll call.
2. At the time of your scheduled hearing, you should log into **Webex** or call in using the audio connection above.
3. If you have any questions, please call the **Division 28 court clerk at 314-613-3185**.
4. VIDEO OR AUDIO RECORDING by litigants or by counsel **IS PROHIBITED**.
5. Until your next court date, please consider the following:

   - You can monitor the status of your case online on CaseNet at www.courts.mo.gov. Use the "Track this Case" feature to automatically receive emails or text messages about your case.

   - **Before coming to the courthouse**, please check the St. Louis City Circuit Court website at **www.stlcitycircuitcourt.com** to determine whether the courthouse will be open on the day of your scheduled court hearing.

   - To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours. Due to the increased volume of calls, court clerks may not be available at all times to answer questions via telephone.

   - You have the right to hire an attorney to represent you.

   - Attorneys must **mark and** e-file all documents.

   - If you are not represented by a lawyer, you may file answers or other pleadings with the court by mail, or **when the Court is open to the public** come in person to the St. Louis **City Circuit Clerk's office, 10 North Tucker, St. Louis, MO 63108.**

   - Parties are encouraged, but in no way required, to engage in settlement discussions regarding their cases. If a settlement is reached, a Consent Judgment resolving the case may be filed with the court. A consent judgement must be signed by all the parties and dated.

Electronically Filed - City of St. Louis - September 03, 2020 - 03:55 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

| | |
|---|---|
| **ELDRIDGE CHERRY**, | |
| Plaintiff, | |
| v. | Cause No |
| **PHILLIPS & COHEN ASSOCIATES, LTD.** | Division |
| Serve at:<br>The Corporation Trust Company<br>Corporation Trust Center 1209 Orange St.<br>Wilmington, DE 19801 | |
| Defendant. | **JURY TRIAL DEMANDED** |

**PETITION**

COMES NOW Eldridge Cherry ("Plaintiff"), by and through his undersigned counsel, and for his Petition states as follows:

**INTRODUCTION**

1.   This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.   Plaintiff demands a trial by jury on all issues so triable.

**JURISDICTION**

3.   This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff at his residence in Saint Louis, Missouri.

Electronically Filed - City of St. Louis - September 03, 2020 - 03:55 PM

Plaintiff suffered the harms described herein in Saint Louis, Missouri. Venue is proper in the City of St. Louis, Missouri for this reason.

## PARTIES

4.      Plaintiff is a natural person currently residing in Saint Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5.      The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from a Merrick Bank credit card account that Plaintiff used to make purchases of consumer goods.

6.      Plaintiff has a bona-fide dispute as to the amount of the debt. While Plaintiff did purchase consumer goods and services on his Merrick Bank credit account, the balance alleged of $2,123.11 is not due and owing because, to the best of his knowledge this amount overstates any amount that could be due or owing to Defendant.  Specifically, Plaintiff does not recall his balance being anywhere near this high before Defendant began to collect on the alleged debt.

7.      Defendant Phillips & Cohen Associates, LTD. ("Defendant") is a foreign corporation with its principal place of business located outside Missouri.

8.      The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity.

9.      Defendant is engaged in the collection of debts from consumers through means of using mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. §1692a(6).

Electronically Filed - City of St. Louis - September 03, 2020 - 03:55 PM

## FACTS

10.     Defendant's collection activity, of which Plaintiff disputes, occurred within the previous twelve (12) months.

11.     On July 23, 2020, Defendant sent Plaintiff its initial collection letter. Plaintiff received this initial collection letter on or about July 31, 2020. The collection letter told the Plaintiff the balance owed was $2,123.11 and that Plaintiff should remit the balance to Defendant, or otherwise contact Defendant to notify it of his dispute regarding the balance. The letter did not contain any due date for when Plaintiff was supposed to remit the balance.

12.     Plaintiff believed the balance to be suspicious for the reasons stated above.

13.     Plaintiff, believing that he did not owe the debt, hired an attorney to advise him with respect to the debt that Defendant was trying to collect.

14.     Plaintiff incurred a significant fee for this representation to ensure that Defendant would be compelled to deal with his attorney, and not Plaintiff, once Plaintiff informed Defendant that he had retained counsel.

15.     Within a day or two of receiving the letter and shortly after retaining counsel on the debt, on approximately July 31, 2020, and well-within the thirty-day dispute period set forth in Section 1692g, Plaintiff called Defendant as its letter instructed to explain his dispute and also to explain that he had hired counsel.

16.     Plaintiff explained to Defendant that he had received a letter from Defendant and he had some questions about it.

17.     Defendant verified Plaintiff's identity and, upon being told by Plaintiff that he wanted to dispute the debt, Defendant, acting in rude fashion, hung up the phone on Plaintiff.

Electronically Filed - City of St. Louis - September 03, 2020 - 03:55 PM

18.     After Plaintiff attempted to call Defendant back numerous times over the next several days without answer, Defendant answered one of Plaintiff's calls on or about August 18, 2020, still well-within the thirty-day dispute period set forth in Section 1692g.

19.     Plaintiff explained again that he received a letter from Defendant and he had some questions about it.

20.     Defendant verified Plaintiff's identity, and provided the current balance of $2,123.11 and asked Plaintiff if he was looking to take care of it.

21.     Plaintiff told Defendant that he wanted to dispute that debt and that he did not agree that he owed the balance.

22.     Defendant then told Plaintiff that despite his dispute, he needed to pay the debt "now" on August 18, 2020.

23.     Defendant demanded immediate payment from Plaintiff, stating, "If you can't pay off the balance now, we can definitely work on a payment arrangement for you towards the balance."

24.     This was a collection communication that overshadowed Plaintiff's dispute rights and caused him to believe that Defendant would not honor his right to dispute the debt or that he had no right to dispute the debt. Specifically, Defendant was refusing to acknowledge Plaintiff's right to dispute the debt by demanding payment on a date certain within Plaintiff's 30 day dispute period.

25.     Plaintiff then informed Defendant that he was frustrated with Defendant and that Plaintiff was being represented by an attorney and provided Defendant with his attorney's contact information.

Electronically Filed - City of St. Louis - September 03, 2020 - 03:55 PM

26.     Plaintiff was then put on hold by Defendant for over five minutes before Plaintiff ended the call.

27.     Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to his counsel, anxiety, frustration, and worry.

28.     Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

a.  Plaintiff has been deprived of his statutorily created right to truthful information about the debt, specifically that Defendant has tried to collect an amount that, to the best of his recollection, is not due and owing; and

a.  Plaintiff was deprived of his statutory right to dispute the alleged debt.

## COUNT I: VIOLATION OF THE FDCPA

29.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

30.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

a.     Overshadowing Plaintiff's dispute rights. 15 U.S.C. § 1692g.

b.     Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including but not limited to hanging up on Plaintiff while Plaintiff was attempting to collect information about the debt. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.     Judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages in an amount to be determined by the jury;

Electronically Filed - City of St. Louis - September 03, 2020 - 03:55 PM

C.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D.      For such other relief as the Court may deem just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, #52046
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:     (636) 333-1212
rick@rossvoytas.com

Attorney for Plaintiff

**2022-AC08128**

Electronically Filed - City of St. Louis - September 03, 2020 - 03:55 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

ELDRIDGE CHERRY
_____
Plaintiff/Petitioner

September 3, 2020
_____
Date

vs.

PHILLIPS & COHEN ASSOCIATES, LTD.
_____
Defendant/Respondent

Case number
_____

Division
_____

⌐                          ⌐
      For File Stamp Only
∟                          ∟

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff _____, pursuant

Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

Brandywine Process Servers        PO Box 1360 Wilmington, DE 19801     800-952-2288
Name of Process Server            Address                              Telephone

Denorris Britt, Kevin Dunn
Name of Process Server            Address                              Telephone

Name of Process Server            Address                              Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                    SERVE:

The Corporation Trust Company
Name                                      Name

Corporation Trust Center - 1209 Orange St.
Address                                   Address

Wilmington, DE 19801
City/State/Zip                            City/State/Zip

SERVE:                                    SERVE:

Name                                      Name

Address                                   Address

City/State/Zip                            City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER**, Circuit Clerk

By _____
   Deputy Clerk

9-15-20
_____
Date

/s/ Richard A. Voytas, Jr.
_____
Attorney/Plaintiff/Petitioner

52046
_____
Bar No.

12444 Powerscourt Dr.,Ste 370, St. Louis, MO
_____
Address

3143940605
_____
Phone No.